IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED A. FISCHER, as General Partner of Fischer Family Farms Family Limited Partnership, and ROGER A. FISCHER, as agent for the Allan and Carolyn Fischer Family Limited Partnership, for themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>and<br><br>THEODORE M. SCHNEIDER, on behalf of himself and all others similarly situated,<br><br>    Intervening Plaintiff,<br><br>vs.<br><br>EXXON MOBILE CORPORATION, THE POSTLE UPPER MORROW UNIT, and THE HOVEY MORROW UNIT; both individually and as representatives of all other Exxon Mobil-operated units created pursuant to 52 O.S. § 287.1-287.15,<br><br>    Defendants. | Case No. CIV-20-0105-F |

**ORDER**

  This case was recently re-assigned to the undersigned. Upon review of the notice of removal, the court finds that before it takes up the motion to remand, clarification from the defendants (as the parties invoking this court's jurisdiction) is

needed on certain matters which are peripheral to that motion.  Nothing stated in this order should be interpreted as pre-judging any aspect of the motion to remand.

1. Minimal Diversity

The notice of removal (doc. no. 1, p. 6) relies on the citizenship of Exxon Mobil Corporation and the intervening plaintiff Theodore M. Schneider to establish minimal diversity in accordance with the Class Action Fairness Act (CAFA), 28 US.C. § 1332(d)(6).

Citing allegations in the petition in intervention, the notice of removal states that Exxon Mobil Corporation is a New Jersey corporation with its principal place of business in Texas.  This is sufficient to establish that Exxon Mobil Corporation is deemed a citizen of the states of New Jersey and Texas for diversity purposes.

The potential problem relates to the citizenship of Mr. Schneider (or any other plaintiff who is a member of the class). The notice of removal states that Mr. Schneider is "a resident of Arkansas," citing allegations in the petition in intervention.  For purposes of § 1332, however, citizenship and residence are two entirely distinct concepts.[1]  While the notice of removal states that the members of the class "reside in many different states" and "are spread out across the United States" (doc. no. 1, p. 6 of 14, citing the petition in intervention), that statement suffers from the same problem.  The original petition alleges the state of residence of the Fischers, but neither the original petition nor the petition in intervention allege the state of citizenship of any plaintiff.

---

[1] A natural person is a citizen of the state in which he or she is domiciled.  Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).  Residence is not the equivalent of citizenship.  State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966).  For any number of reasons, an individual can "reside" in one place but be domiciled in another place.  For adults, domicile is established by physical presence in a place, coupled with an intent to remain there.  Mississippi Band of Choctaw Indians v. Holyfield, 498 U.S. 426, 428 (1989).  A person's domicile is determined at the time the action is filed.  Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

Absent a representation or a citation to the record indicating that Mr. Schneider or some other plaintiff in this action is a citizen of a specific state (which must be identified) other than Texas or New Jersey, the notice of removal fails to adequately set out facts in support of minimal diversity. Accordingly, defendants will be required to include the missing jurisdictional information in a supplement to their notice of removal.

Since a supplement is required for the above purpose, the court also asks defendants for clarification of the following two matters.

## 2. The Filing Date of the Petition in Intervention

The notice of removal states that Mr. Schneider filed his petition in intervention in state court on January 17, 2020.[2] Doc. no. 1, p. 2 of 14. January 17, 2020, is the date on the certificate of service (by mail) which is attached to the petition in intervention, not the date of filing. While the specific date of filing is almost certainly of no consequence here (as the notice of removal was promptly filed on February 7, 2020), the court asks that defendants clarify or correct their contention regarding the filing date of the petition in intervention. Clarity is important because the petition in intervention is the document which defendants contend made this action removable under the Class Action Fairness Act.

## 3. Civil Cover Sheet

Defendants checked the box for "federal question" jurisdiction (rather than the box for "diversity" jurisdiction) on the civil cover sheet filed with their notice of removal. Doc. no. 1-52. As a result, this case has been docketed by the clerk as an action based on federal question jurisdiction. The notice of removal does not cite 28 U.S.C. § 1331 (federal question jurisdiction) as a basis for removal; the original

---

[2] This is not a typographical error, as defendants' brief in response to the motion to remand also asserts the petition in intervention was filed on January 17, 2020. Doc. no. 11, p. 14 of 32.

petition and the petition in intervention both allege that Oklahoma law governs this action; and it is clear from the briefing on the motion to remand that defendants rely on minimal diversity under the Class Action Fairness Act to invoke this court's subject matter jurisdiction.  Defendants are asked to either file a corrected version of doc. no. 1-52 with their supplement (after which the court will instruct the clerk to correct the basis of jurisdiction currently shown on the docket sheet as "federal question") or explain why the civil cover sheet is not in error if that is their position.

Conclusion

The court recognizes there is virtually zero possibility that the matters addressed in this order could impact the substance of this action.  Nevertheless, the court hopes to address the issue presented by the motion to remand without any distractions that might be created by an unclear record.

To that end, defendants are **DIRECTED** to file a supplement to their notice of removal which provides the missing or corrected information called for by this order.  The supplement is **DUE** ten days from the date of this order.  If plaintiffs find it is necessary to object or respond to the supplement, they may do so within seven days of the filing of the supplement.

IT IS SO ORDERED this 5th day of June, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0105p001.docx