**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

FRED A. FISCHER, as General )
Partner of Fischer Family Farms )
Family Limited Partnership, and )
ROGER A. FISCHER, as agent for the )
Allan and Carolyn Fischer Family )
Limited Partnership, for themselves )   Case No. CIV-20-0105-F
and all others similarly situated, )
                                  )   (District Court of Texas County,
            Plaintiffs, )   Case No. CJ-2002-125)
                                  )
and )
                                  )
THEODORE M. SCHNEIDER, on )
behalf of himself and all others )
similarly situated, )
                                  )
           Intervening Plaintiff, )
                                  )
vs. )
                                  )
EXXON MOBIL CORPORATION; )
THE POSTLE UPPER MORROW )
UNIT; and THE HOVEY MORROW )
UNIT; both individually and as )
representatives of all other Exxon )
Mobil-operated units created pursuant )
to 52 Oklahoma Statutes § 287.1 )
through 287.15, )
                                  )
           Defendants. )

## <u>ORDER</u>

Defendants Exxon Mobil Corporation (Exxon Mobil), the Postle Upper

Morrow Unit, and the Hovey Morrow Unit, removed this action on February 7, 2020.

Doc. no. 1.  Now, plaintiffs Fred A. Fischer as the general partner of Fischer Family

Farms Family Limited Partnership, and Roger A. Fischer as agent for the Allan and Carolyn Fischer Family Limited Partnership, (together, the Fischers), as well as intervening plaintiff Theodore M. Schneider (Schneider) move to remand.  Doc. no. 8.  Defendants responded, objecting to remand.  Doc. no. 11.  Plaintiffs (the Fischers and Schneider) filed a reply brief.  Doc. no. 18.  For the reasons stated in this order, the motion to remand will be granted.

Background

The Fischers filed this putative class action against Exxon Mobil (and against the units which the Fischers' minerals underlie) in the District Court of Texas County, State of Oklahoma, on December 20, 2002. Accordingly, this action has been pending for more than seventeen-and-a-half years.   During that time, the original petition has never been amended.[1]

The original petition alleges that the Fischers, and others similarly situated to them, own minerals in Oklahoma.  Doc. no. 1-2, ¶ 12.  More specifically, the petition alleges that the Fischers own minerals in Texas County, Oklahoma (*id*., ¶ 7), and that the remaining class members "own or have owned oil, gas and other minerals underlying tracts of land in Oklahoma…." *Id*., ¶ 8.  The petition alleges that Exxon Mobil drilled and operated numerous wells in Texas County (located in the panhandle) and throughout the State of Oklahoma.  *Id*., ¶ 20.  It alleges that Exxon Mobil also participated in the drilling, completion and producing of other wells in Texas County and throughout Oklahoma wherein Exxon Mobil was not the operator. *Id*.  The petition alleges that all of these wells (the Exxon Mobil Wells) "were drilled on units organized and created pursuant to oil and gas leases and the Oklahoma Statutes."  *Id.*, ¶ 21.  The petition alleges that Exxon Mobil wrongfully deducted

---

[1] Despite the fact that there have been no amendments, this order refers to the petition as the "original petition" to help distinguish it from Schneider's petition in intervention.

certain fees from royalty payments due the Fischers and the other members of the class. *Id.*, ¶28.

On January 21, 2020, Schneider, with the permission of the state court, filed a petition in intervention, by which he intervened as a named plaintiff on behalf of himself and all others similarly situated. Doc. no. 1-48.  Other than the location of the wells in which Schneider alleges he is a royalty interest owner (Latimer County, *id.*, ¶ 3, located in southeastern Oklahoma), Schneider's allegations are substantially identical to the allegations in the original petition.

On February 7, 2020, defendants removed this action to this court, contending that Schneider's petition in intervention commenced a new action which made federal jurisdiction available for the first time under the minimum diversity provision of the Class Action Fairness Act (CAFA).

The Issue

Facts in support of minimal diversity are alleged in the supplemental notice of removal.  Doc. no. 21, pp. 3-5.[2] *See*, 28 U.S.C. §1332(d)(2)(A).[3]  However, CAFA, including its minimal diversity provision, only applies to "any civil action commenced on or after the date of enactment of the Act [February 18, 2005]." CAFA, Pub. L. No. 109-2, §9, Feb. 18, 2005, 119 Stat. at 14 (codified as note to 28 U.S.C. § 1332 regarding 2005 Acts).  The original petition was filed in 2002, several years before CAFA became law in 2005.  Accordingly, unless Schneider's petition in intervention commenced a new action when it was filed in 2020, CAFA does not apply and the court lacks jurisdiction, making the removal improper.

---

[2] Unless stated otherwise, this order cites documents by their original (not ecf) page numbers.

[3] In addition, there are at least one hundred members in the class, and the amount in controversy exceeds $5,000,000.00.  Doc. no. 1, pp. 5, 6-7.  *See*, 28 U.S.C. §1332(d)(5)(B), (d)(2). Accordingly, if the minimal diversity provision of CAFA applies, then removal was proper.

3

Thus, the issue is whether Schneider's petition in intervention commenced a new action for purposes of CAFA. Defendants contend the petition in intervention commenced a new action; plaintiffs contend it did not.

### Summary of the Arguments

The gist of the parties' arguments is as follows.

In support of removal, defendants argue that Schneider's petition in intervention expanded the claims and potential liabilities to which defendants are subject in this action, thereby commencing a new action. These arguments rely, in part, on the fact that Schneider's petition in intervention alleges claims based on minerals located in southeastern Oklahoma whereas the Fischers' minerals are located in the panhandle.

In support of their motion to remand, plaintiffs argue that this action has always encompassed minerals located throughout Oklahoma as shown by the allegations in the original petition, which has never been amended.

Defendants respond by arguing that the court should consider not just the pleadings but "the reality of the case," by which they mean the way in which the parties have understood the scope of the claims as shown by a variety of materials such as arguments and motions made in state court and the manner in which discovery has been conducted.

Plaintiffs' reply brief disputes defendants' version of the reality of the case.

### The Burden

The parties disagree as to who has the burden to persuade the court of their position. Under the authorities cited below, the court concludes it is defendants' burden to establish that Schneider's petition in intervention commenced a new action so that removal was proper. If that is incorrect, however, and the burden should be on plaintiffs to establish that Schneider's petition in intervention did *not* commence

a new action so that removal was *im*proper, the result reached in this order (remand) would be the same.

Woods v. Standard Insurance Co., 771 F.3d 1257 (10th Cir. 2014), states as follows.

> CAFA places the burden on removing parties to establish that its basic requirements are met. However, once a defendant establishes removal is proper, a party seeking remand to the state court bears the burden of showing jurisdiction in federal court is improper under one of CAFA's exclusionary provisions.

*Id.* at 1262 (emphasis added; quotations and citations omitted).  Here, the question is whether a new action commenced after the effective date of CAFA—the answer to which will determine whether the basic requirements of CAFA are met.  Thus, Woods indicates it is defendants' burden, as the removing parties, to establish that Schneider's petition in intervention commenced a new action.

Placing the burden on the defendants is also consistent with other authorities. Weber v. Mobil Oil Corp., 506 F.3d 1311 (10th Cir. 2007), a case discussed in more detail later, states that "[i]f there is ambiguity as to whether [CAFA] confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction."  *Id.* at 1314, quoting Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005).  In Bank of America, N.A. v. El Paso Natural Gas Co., 2016 WL 11261304 (W.D. Okla. 2016), defendants argued that the description of claims which had been included in the state court's notice order resulted in new claims and expanded the class, commencing new litigation under CAFA.  In that context, the court (Judge David L. Russell) disagreed with defendants' contention that a presumption in favor of jurisdiction in CAFA cases should apply.  The court observed that Congress had expressly limited jurisdiction to cases that commenced on or after CAFA's enactment date, and that "[p]resumption or not, Dart [Cherokee

<u>Basin Operating Co., LLC v. Owens</u>, 574 U.S. 31 (2014),] does not make CAFA retroactive." *Id*. at *1, n.2.

Discussion

Moving on to the merits, the best guidance comes from <u>Weber</u>.  In <u>Weber</u>, royalty interest owners filed a class action in state court against operators of oil and gas wells.  The district court (Judge Timothy D. Leonard) remanded, and defendants petitioned the court of appeals for leave to appeal the remand order.  The court of appeals held that the action had commenced with the filing of the original pleading (which was before the effective date of CAFA) and that the petition in intervention did not alter the commencement date.  *Id*. at 1316.   As a result, CAFA, including CAFA's extension of federal jurisdiction over appeals of remand orders,[4] did not apply.  *Id*.  Because the court of appeals had no authority to accept defendants' petition for leave to appeal the remand order, leave to appeal was denied.  *Id*.

In reaching these conclusions, <u>Weber</u> observed that the removing defendants were "not subject to new liabilities by way of the intervening plaintiffs because the new plaintiffs all appear to fall within the original class definition and because they do not assert any additional claims against [the removing defendants]." *Id*. at 1315.  The court of appeals also stated that it had located no authority that suggested "intervening plaintiffs asserting identical causes of action against the same defendants as named in the original complaint change the commencement date of the suit for purposes of CAFA or any other jurisdictional statute." *Id*. at 1316.  "Rather," the court went on, "the weight of the case law supports the opposite conclusion." *Id*.[5]

---

[4] *See*, 28 U.S.C. § 1453(c)(1).

[5] It is not clear to this court whether <u>Weber</u> applied state or federal law in its discussion of whether a new action had commenced for purposes of CAFA.  No matter the proper role of each, the result reached in this order would be the same.

6

As applied in this case, <u>Weber</u> indicates this court should ask: Does Schneider, who has intervened as an additional named plaintiff, fall within the class definition as set out in the original petition?  Does Schneider assert the same claims and liabilities as those asserted in the original petition?  Are Schneider's claims asserted against the same defendants as those named in the original petition?

The answer to each of these questions is "yes."  First, the original petition describes a putative class which includes not only the Fischers with their minerals in Texas County but which also includes the owners of minerals located elsewhere in Oklahoma.[6]  Accordingly, Schneider, whose petition in intervention alleges that he owns minerals in Latimer County, Oklahoma, falls within the class described in the original petition.  Second, Schneider's petition in intervention alleges the same types of claims and liabilities as those set out in the original petition, all of which Schneider supports with almost identical fact allegations.[7]  Third, the defendants named in Schneider's petition in intervention, and the defendants named in the original petition, are the same.

The above findings are a sufficient basis for this court to rule, as it now does, that Schneider's petition in intervention did not commence a new action for purposes of CAFA, with the result that removal was improper and remand is required.

---

[6] The original petition alleges that "The remaining Class members [*i.e.* members other than the Fischers] own or have owned oil, gas and other <u>minerals underlying tracts of land in Oklahoma</u> which are subject to oil and gas leases and/or pooling orders of the Oklahoma Corporation Commission pursuant to which Exxon Mobil is/was a working interest owner in oil and gas wells, and/or operated oil and gas wells within spacing and/or field-wide units which encompass such minerals." Doc. no. 1-2, ¶ 8 (emphasis added).

[7] The claims alleged in both pleadings are:  breach of contract, breach of fiduciary duties, breach of implied duty to market, breach of good faith and fair dealing, actual fraud, deceit, constructive fraud, conversion, tortious interference with business relations, unjust enrichment, and civil conspiracy.  Both pleadings seek actual damages, punitive damages and a temporary injunction. The supporting factual allegations are the same except for the fact that different wells, located in different parts of Oklahoma, are involved.

Nevertheless, the court will address some of the arguments made by the defendants in their effort to persuade the court otherwise.

Defendants argue that <u>Weber</u> was not based on a superficial comparison of plaintiffs' and intervenors' pleadings but was, instead, based on the reality of the case as discerned from the record. According to defendants' version of the reality of the case, the claims alleged by Schneider are new because, up until the time Schneider intervened as a named plaintiff, this case involved only minerals in the panhandle. In support of this argument, defendants cite matters extraneous to the pleadings such as motions and briefs filed in state court.

For example, defendants rely on a motion brought by the Fischers in state court on December 31, 2019. To the extent pertinent here, the motion asks that court to certify a class limited to "persons or entities who are or were royalty owners in Oklahoma wells located in the Oklahoma Panhandle and connected to the Guymon-Hugoton Gathering System...." Doc. no. 1-42, pp. 2-3. Plaintiffs respond by contending that the motion to certify asked the state court to establish a briefing schedule and that neither the parties nor the state court accepted the motion as an actual motion for class certification.

The motion to certify is not persuasive. No matter how it was intended or understood, that motion has not been ruled on by the state court and no class has been certified.[8]

Defendants also rely on arguments they made in state court, in 2006, in a motion for summary judgment (doc. no. 1-20) which is still pending. Defendants rely on this motion because they contend that Schneider's petition in intervention is

---

[8] The court also notes the state court aired arguments about the impact of the motion to certify before it permitted Schneider (whose minerals are outside the scope of the class as proposed in the motion to certify) to intervene as an additional named plaintiff. *See,* doc. no. 1-50, pp. 19-37 (transcript of January 8, 2020 hearing on Schneider's motion to intervene and on competing motions for appointment of interim class counsel).

an effort to cure a fatal flaw in the Fischers' original petition, a flaw which is the subject of their motion for summary judgment. Defendants say their motion for summary judgment shows the Fischers sued the wrong party. Defendants assert that the Fischers sued Exxon Mobil (Exxon Mobil Corporation) in this action but never had a lease with Exxon Mobil. Defendants assert that, instead, the Fischers had leases with ExxonMobil Oil Corporation, a non-party distinct from Exxon Mobil. Doc. no. 11, pp. 2-3.

The 2006 motion for summary judgment is not a basis for concluding that Schneider's petition in intervention commenced a new action. The state court has not ruled on the purported flaw in the Fischers' original petition.[9] And no matter what the state court ultimately decides about whether the Fischers qualify to press claims on their own behalf and on behalf of others, the Fischers' claims are currently alleged in this case.

Defendants also argue that the Fischers' and Schneider's claims diverge because gas produced from Schneider's unit in southeastern Oklahoma has different characteristics and is processed and marketed differently than gas produced from units in the panhandle. Defendants further argue that the Postle and Hovey Units in which the Fischers have an interest were created pursuant to 52 O.S. 2011 § 287.1, and that the Perry Rowe Unit in which Schneider has an interest was created pursuant to 52 O.S. Supp. 2017 § 87.1. Based on these and other arguments, defendants contend the original petition did not put them on notice that they would have to defend against claims related to the Perry Rowe Unit.

The court rejects these arguments and others like them regarding purported lack of notice to the defendants. The original petition alleges that remaining class

---

[9] At the hearing on the motion to intervene, the state court heard argument regarding the purported deficiency in the original petition raised in the motion for summary judgment, then let Schneider intervene based on questions of law or fact which Schneider's petition had in common with the arguably flawed petition. Doc. no. 1-50, pp. 34-37.

members (*i.e.* members other than the Fischers) own or have owned oil, gas and other minerals underlying tracts of land in Oklahoma which are subject to oil and gas leases and/or pooling orders of the Oklahoma Corporation Commission pursuant to which Exxon Mobil is or was a working interest owner and/or operated oil and gas wells within spacing and/or field-wide units which encompass such minerals. Doc. no. 1-2, ¶ 8.  In this and other ways, the original petition put Exxon Mobil on notice that this action concerns minerals located throughout Oklahoma.

Lastly, the court addresses what defendants say this action is really about, which they contend is the Guymon Hugoton Field in the Oklahoma panhandle, as shown by the scope of discovery.  The fact that discovery may have been limited to certain issues does not change the scope of the claims actually alleged in the original petition. Moreover, plaintiffs have presented evidence which challenges defendants' version of what the parties have understood this case to be about.  Plaintiffs, for example, cite defendants' response to a request for production of documents in which defendants state that "[t]he plaintiffs have apparently filed this lawsuit in the hope of conducting broad-based, state-wide discovery…".  Doc. no. 18, p. 5. Plaintiffs also cite their own response to an interrogatory which asked them to identify the characteristics of the class.  Plaintiffs responded that ownership of minerals "in the State of Oklahoma" is a class requirement.  *Id*. at 6.

In summary, having considered the pleadings along with the record as a whole, the court finds and concludes as follows.

-- The original petition makes clear that the scope of this action is statewide. Schneider's petition in intervention alleges that he owns minerals in Oklahoma. Thus, Schneider comes within the putative class described in the original petition.

-- Schneider's petition in intervention alleges claims which are substantially the same as the claims alleged in the original petition.

-- Schneider's petition in intervention does not expand the class, or the claims, or the potential liability faced by the defendants.

-- Schneider alleges claims against the same defendants as those named in the original petition.

-- In short, Schneider's petition in intervention adds no new claims or liabilities or defendants.

-- Defendants have been on notice since the filing of the original petition in 2002, that this action requires them to defend against claims that relate to oil, gas and other minerals underlying tracts of land in Oklahoma.

-- Schneider's petition in intervention did not commence a new action for purposes of CAFA. The petition in intervention was simply one more step in this action as it winds its way toward adjudication or some other disposition.

-- The original petition, which has never been amended, commenced this action and is the operative pleading for purposes of determining whether CAFA applies. That petition was filed years before CAFA took effect, which means that CAFA does not apply and defendants cannot rely on CAFA's minimal diversity provision. Federal jurisdiction is lacking, and remand is required.

<u>Conclusion</u>

After careful consideration, plaintiffs' motion to remand is **GRANTED**. Doc. no. 8. This action is hereby **REMANDED** to the District Court of Texas County, State of Oklahoma. Nothing stated in this order is intended to suggest how the state court should rule on any matters.

IT IS SO ORDERED this 27th day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0105p002.docx

11